**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

                                                      **No. CV 08-889 MV/WDS**

**vs.)**                                                     **CR 03-2112 MV**

**JORGE TORRES-LARANEGA,**

**Defendant.**

**ORDER GRANTING MOTION FOR RECONSIDERATION**

THIS MATTER comes before the court on the United States' Motion for Reconsideration. (Doc. 19) Plaintiff seeks reconsideration of an order (Doc. 19) granting Defendant's Motion for Discovery, (Doc. 17) to which Plaintiff had not filed opposition. Plaintiff's counsel states in support of his motion for reconsideration that he anticipated receiving an order from the Court directing him to file opposition, if the Court deemed an opposition brief necessary. The Court suggests that in the future counsel file opposition to those motions he does not want granted. In the interests of justice the Court will address the merits of Defendant's discovery motion and consider Plaintiff's objections thereto.

Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a judge may, for good cause, authorize a party to conduct discovery in a §2255 action. A party seeking discovery must specify any requested documents. Defendant seeks production of all grand jury transcripts, as well as transcripts in Spanish of the wiretapped phone calls in the underlying criminal case.

Defendant alleges that a witness at the trial "lied" to the grand jury and seeks to invalidate the indictments that resulted. The witness, Andrew Armijo, is the FBI agent who coordinated the

investigation. Defendant takes issue with Agent Armijo's testimony regarding the seizure of 1471 kilograms of marijuana in May 2003 at the I-25 checkpoint just north of Las Cruces, New Mexico. There is no question that the seizure occurred and that Martin Mendivil was driving the vehicle containing the marijuana. At trial, Agent Armijo testified that he had witnessed the seizure of the tractor trailer, but had not seen any of the alleged co-conspirator's in a chase vehicle near the checkpoint at the time of the seizure. The FBI surveillance logs indicated that no other agents had seen such a chase vehicle. Agent Armijo was confronted on cross-examination with the fact that he had told the grand jury that Defendant and four other alleged co-conspirators were in a chase car and had observed the tractor trailer stopped at the checkpoint.

Agent Armijo explained the discrepancy by stating that the information he conveyed to the grand jury about the chase car was told to him by the government's confidential informant, Yolanda Alarcon, who told Agent Armijo that she had obtained the information from her son. It is apparent from reading the trial transcript that this entire issue was an attempt by defense counsel to discredit Ms. Alarcon, not Agent Armijo. Defense counsel made a point of noting that he was not challenging Agent Armijo's integrity, but was trying to establish that Ms. Alarcon was an unreliable informant who had told the agent lies.

As plaintiff notes in its brief, to the extent that Agent Armijo's testimony to the grand jury might have constituted hearsay, the grand jury generally operates "unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials." *United States v. Calandra*, 414 U.S. 338, 343 (1977); *accord* Fed. R. Evid. 1101(d)(2)(Federal Rules of Evidence are inapplicable to proceedings before a grand jury). The grand jury may, therefore, consider hearsay and, indeed, hearsay alone. *United States v. Williams*, 504 U.S. 36, 50 (1992); *see also Costello v. United States*, 350 U.S. 359, 361, 363 (1974) (grand jury presentation comprised solely of hearsay

evidence provided legally sufficient basis for valid indictment).  Accordingly, the Court finds nothing improper in Agent Armijo's testimony, whether at trial or before the grand jury.

Finally, the Court notes that defendant appears to believe that he was tried in federal court in New Mexico because of Agent Armijo's grand jury testimony that he was in New Mexico in a chase car at the time of the aforementioned drug seizure.  Defendant appears to be of the belief that if he never personally entered New Mexico, his trial in the state was invalid.  Defendant was charged with conspiracy, and venue is proper wherever acts in furtherance of a conspiracy occur. *See United States v. Magleby*, 420 F.3d 1136, 1145 (10th Cir. 2005).  Ample trial evidence implicated defendant in acts undertaken in New Mexico in furtherance of the conspiracy and the continuing criminal enterprise.  Defendant's misapprehension in this regard does not provide good cause for court ordered discovery in this matter.  Defendant's request for grand jury testimony is not well taken and is denied.

Similarly, defendant appears to be requesting Spanish language translations of all wiretapped phone calls in order to establish that he was not present at the May 2003 seizure, and to establish that on none of the recordings does he mention drug dealing in New Mexico.  As noted above, it was not necessary for the government to establish defendant's presence at the May 2003 drug seizure in order to prove the conspiracy or establish that New Mexico was a proper venue for trial.  The Court finds upon reconsideration that defendant's Motion for Discovery is not well taken, accordingly plaintiff's motion for reconsideration is granted and the Court orders that the documents sought by defendant are not to be produced .

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**W. Daniel Schneider**
**United States Magistrate Judge**